UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**

v.                              Criminal No. 3:13-cr-00201-JRG

**PABLO CASELLAS TORO**

**MEMORANDUM OPINION**

On February 25, 2014, the United States filed its "Notice of Expert Disclosure [['Expert Notice']" and "First Notice Pursuant to Fed. R. Evid. 902 [('Records Notice')]."

**I.**

On April 10, 2013, the United States filed a concise, three-count indictment ("federal indictment"). It alleged that the Defendant, Pablo Casellas Toro, committed three separate violations of 18 U.S.C. § 1001(a)(2). Specifically, Pablo Casellas Toro is asserted to have falsely told a Special Deputy United States Marshal that, on June 17, 2012, (1) he went to a shooting range for target practice ("Count One"), (2) a person caused him to bring his motor vehicle to a stop ("Count Two"), and (3) he was forced at gunpoint to move from the driver's seat of the motor vehicle to the front passenger seat ("Count Three").

In late January 2014, Pablo Casellas Toro was convicted in a Commonwealth court of murdering his wife, along with other charges. On February 25, 2014, the United States filed the

Expert Notice. The Notice recites six (6) expert witnesses who are expected to testify at trial. Julia E. Hernandez Arroyo is offered as a "criminalist" expected to testify to (1) data recovered from certain cellular telephones, and (2) an email received by Pablo Casellas Toro from a Club Metropolitiano. (Not. at 1).

Dr. Fermin Hernandez Abad is offered to testify concerning medical treatment administered to Pablo Casellas Toro and statements made by Pablo Casellas Toro upon his arrival at Hospital Espanol Auxilio Mutuo de Puerto Rico. The United States notes that "Dr. Hernandez is expected to testify consistent with testimony given in the state trial." (*Id.* at 2). Jenny P. Acevedo Gonzalez is a serologist offered to testify about DNA testing. She will testify that red stains found in the defendant's vehicle on June 17, 2012, are blood stains matching Pablo Casellas Toro's DNA profile.

Carlos Juan Del Valle Arroyo is a "criminalist" offered to testify concerning the firearms impounded from Pablo Casellas Toro's house on July 14, 2012. He will state that the firearms were found to have discharged the projectiles and casings in or near Pablo Casellas Toro's vehicle. He is further offered to testify that a weapon recovered by police discharged projectiles found in the body of Pablo Casellas Toro's wife. The United States notes that "Mr. Del Valle is expected to testify consistent with testimony given in the state trial." (*Id.* at 4).

Dr. Rosa M. Rodriguez Castillo is a medical examiner or coroner who examined the body of Pablo Casellas Toro's wife. She is offered to testify to the information contained in the autopsy report and that the victim died of multiple gunshot wounds. She will also testify respecting the recovery of projectiles or projectile fragments from the body and the effects of methadone. She too is "expected to testify consistent with testimony given in the state trial." (*Id.*).

Ruben Merchand-Morales, a member of the Emergency Response Team for the Federal Bureau of Investigation, is offered to testify about his analysis and conclusions on the trajectory of projectiles recovered inside and outside of Pablo Casellas Toro's vehicle. Mr. Merchand is likewise "expected to testify consistent with testimony given in the state trial." (*Id.* at 5).

On February 25, 2014, the United States filed the Records Notice. The Records Notice discloses the United States' intention to offer at trial the following documents: (1) 9-1-1 transcription, (2) records from the Policia de Puerto Rico, and (3) medical records from Hospital Espanol Auxilio Mutuo de Puerto Rico.

## II.

I am obliged by Federal Rule of Evidence 611(a) to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence" at trial. Fed. R. Evid. 611(a); *United States v. Milkiewicz*, 470 F.3d 390, 397 (1st Cir. 2006). In particular, I must "make . . . procedures effective for determining the truth" and take the necessary steps to "avoid wasting time." *Id*; *United States v. Hatch*, 514 F.3d 145, 156 (1st Cir. 2008) ("The district court enjoys broad discretion to control the ordering of proof."); *Morales Feliciano v. Rullan*, 378 F.3d 42 (1st Cir. 2004) (same); *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994) ("Federal district judges enjoy broad discretion in respect to the ordering and presentation of proof and the handling of evidentiary questions."); *Elgabri v. Lekas*, 964 F.2d 1255, 1260 (1st Cir. 1992). I am also permitted to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In view of these obligations, and in order to provide abundant notice to the United States and Pablo Casellas Toro in advance of trial, the Expert Notice and Records Notice require the court to make the following observation. In ordering and presenting its proof, it appears unnecessary for the United States to retry the matter of Pablo Casellas Toro's guilt -- in lockstep fashion -- on the Commonwealth charges of which he was previously convicted. The United States is thus admonished to appropriately and narrowly tailor its evidence to the charges in this case consistent with the Rule 403 mandate and First Circuit precedent.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to Pablo Casellas Toro personally at his current place of incarceration.

DATE: February 26, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE